**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON,<br><br>    Plaintiffs,<br><br>    v.<br><br>APPLE INC.,<br><br>    Defendant. | Civil Action No. 2:15-cv-17-JRG-RSP |

**APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON'S FIRST AMENDED COMPLAINT**

**PUBLIC REDACTED VERSION**

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................ 1

II.  ERICSSON'S DECLARATORY JUDGMENT CLAIM SHOULD BE DISMISSED ........ 1

    A.   Ericsson Seeks An Impermissible Advisory Opinion ..................................................... 1

        1.   Ericsson Does Not Identify An Article III Case or Controversy .......................... 1

        2.   Ericsson Points To No Redressable Injury Or Basis For Standing ...................... 4

    B.   Ericsson Fails To Show That Its Reliance On Confidential Communications Under The NDA Is Proper ............................................................................................ 5

    C.   The Court Should Decline To Exercise Jurisdiction Over Ericsson's Declaratory Judgment Claim. ........................................................................................ 7

III. ERICSSON'S PROMISSORY ESTOPPEL CLAIM SHOULD BE DISMISSED. ............. 9

IV.  CONCLUSION .................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Aetna Life Ins. Co. v. Haworth*,
    300 U.S. 227 (1937)...................................................................................................................3

*Apple Inc. v. Motorola Mobility, Inc.*,
    886 F. Supp. 2d 1061 (W.D. Wis. 2012) ................................................................................4, 3

*Erdman Co. v. USMD of Arlington GP, LLC*,
    No. 3:09-CV-1081-D, 2011 U.S. Dist. LEXIS 38989 (N.D. Tex. Apr. 11, 2011) ....................9

*Ericsson, Inc. v. D-Link Sys., Inc.*,
    773 F.3d 1201 (Fed. Cir. 2014).........................................................................................3, 8, 9

*Ericsson Inc. v. Samsung Elecs. Co.*,
    No. 2:06-CV-63, 2007 U.S. Dist. LEXIS 29257 (E.D. Tex. April 20, 2007)............................4

*In re Innovatio IP Ventures, LLC Patent Litig.*,
    No. 11 C 9308, 2013 WL 5593609 (N.D. Ill. Oct. 3, 2013) ......................................................8

*InterDigital Commc'ns, Inc. v. ZTE Corp.*,
    2014 U.S. Dist. LEXIS 72389 (D. Del. May 28, 2014).............................................................3

*Microsoft Corp. v. Motorola, Inc.*,
    854 F. Supp. 2d 993 (W.D. Wash. 2012)...................................................................................3

*Microsoft Corp. v. Motorola, Inc.*,
    864 F. Supp. 2d 1023 (W.D. Wash. 2012).................................................................................4

*Osteotech, Inc. v. Regeneration Technologies, Inc.*,
    No. 3:06-CV-04249, 2008 WL 4449564 (D.N.J. Sept. 25, 2008)..............................................6

*Probado Techs. Corp. v. Smartnet, Inc.*,
    No. C-09-349, 2010 U.S. Dist. LEXIS 53690 (S.D. Tex. June 2, 2010)....................................9

*Scanlan v. Texas A&M Univ.*,
    343 F.3d 533 (5th Cir. 2003) ....................................................................................................10

**STATE CASES**

*Ortiz v. Collins*,
    203 S.W.3d 414 (Tex. App. 2006 no pet.)................................................................................10

*Valls v. Johanson & Fairless, L.L.P.*,
    314 S.W.3d 624 (Tex. App. 2010 no pet.)................................................................................10

**FEDERAL STATUTES**

35 U.S.C. § 284 ............................................................................................................................2

**I.     INTRODUCTION**

Ericsson's opposition brief confirms that Ericsson seeks an improper advisory opinion for which jurisdiction is lacking.  Even on Ericsson's own telling, the declaratory opinion it seeks would not require any payment by Apple or otherwise affect the parties' legal rights.  Proceeding with this litigation in the *hope* it will affect the parties' negotiations would impose substantial costs on the Court and the parties for no concrete benefit.  The case should be dismissed.

Ericsson's claim is also separately subject to dismissal because it is based on improper use of confidential information covered by the parties' Non-Disclosure Agreement ("NDA").  Ericsson misreads the NDA in seeking to rescue its claim.

Even if the Court could exercise jurisdiction over Ericsson's claims, Ericsson fails to explain why the Court should exercise its discretion to do so.  Because Ericsson has chosen *not* to put the patent merits at issue, this case will shed no light on whether Ericsson actually has any essential or infringed patents and, if so, what an appropriate FRAND royalty would be for those patents.  Ericsson will have ample opportunity to prove its patent claims on their merits—between Ericsson's 15-287 action in this Court and Apple's action in California, fifteen of Ericsson's FRAND-encumbered patents are now in suit, and will be litigated on the merits, to a binding legal resolution.

Finally, Ericsson's promissory estoppel claim fails because it only alleges an "agreement to agree" on which Ericsson could not reasonably rely.

Apple respectfully requests that the Court grant its motion to dismiss.

**II.    ERICSSON'S DECLARATORY JUDGMENT CLAIM SHOULD BE DISMISSED**

    **A.     Ericsson Seeks An Impermissible Advisory Opinion**

        **1.     Ericsson Does Not Identify An Article III Case or Controversy**

Ericsson fails to identify a valid basis on which this Court could issue the requested

declaratory judgment.  Ericsson can point only to the "*potential*" that this case "*could* end the parties' dispute" (Opp. at 1, 2 (emphases added).)  Even Ericsson thus does not dispute that the declaration Ericsson seeks here would not alter the parties' legal rights.

To avoid that conclusion, Ericsson incorrectly asserts that the "true" dispute is limited to the question of a FRAND rate—a point that does not become more persuasive through repetition. (*See* Opp. at 1, 2, 11, 12, 16, 19.)  While the proper FRAND rate may be *one* issue in dispute, the overall dispute is the merits question whether Apple infringes any Ericsson patent, such that there would be any duty to pay a FRAND royalty.  Ericsson has not included any such issue in this case, though such issues *will* be litigated in Apple's "typical non-infringement suit" in California (Opp. at 11) and in the infringement cases Ericsson has subsequently filed in this Court and the International Trade Commission ("ITC").  Essentiality and infringement cannot simply be assumed just because Ericsson has *declared* patents essential.  Indeed, Ericsson has admitted that, of its more than 7,000 declared-essential patents and applications for the 2G, 3G, and 4G/LTE standards, only a fraction of those ("at least many hundreds") could be shown to be actually essential.  (McLeroy Decl. ¶¶ 12, 20; *see also* Opp. at 24 (Ericsson unable to say whether it believes "hundreds or thousands" of its patents are actually essential).)

Apple cannot be compelled to pay Ericsson unless Ericsson's patents are found to be valid and infringed by Apple; that is the only legal basis for requiring Apple to pay royalties. *See* 35 U.S.C. § 284.  Ericsson is no more entitled to a declaration of a reasonable price for its patent portfolio than a car dealership seeking a court's opinion on whether a price it has quoted a customer is fair.  Ericsson emphasized this very point in its litigation with TCL: "any FRAND determination without a binding license would represent a mere advisory opinion."  (Selwyn

Decl. Ex. 7 at 17.)[1]  Ericsson's indication that it will agree here "to be bound by this Court's determination" (Opp. at 15) does not alter the outcome, because *Apple* cannot be ordered to pay royalties without an infringement judgment, which Ericsson's complaint does not seek.

Accordingly, Ericsson's claim that its license offer was FRAND does not present a "real and substantial controversy admitting of specific relief through a decree ***of a conclusive character***."  *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937) (emphasis added). Instead, Ericsson openly admits that it seeks only to pre-litigate "an affirmative defense" that Apple could raise in a later infringement suit, which Ericsson would rather bring "unencumbered by a FRAND obligation."  (Opp. at 14; *see also id.* at 18 (admitting that Ericsson wants this case to "clear the way" for ***another*** litigation in which Ericsson would sue Apple for infringement).) Ericsson's request is similar to what Judge Davis rejected in *Ericsson, Inc. v. D-Link Systems,* where the defendants sought a RAND rate for Ericsson's 802.11 (Wi-Fi) portfolio but refused to be bound by it.  Judge Davis concluded that decision "would have amounted to nothing more than an advisory opinion as to Ericsson's initial RAND license offer."  No. 10-cv-473, 2013 WL 4046225, at *21 (E.D. Tex. Aug. 6, 2013), *rev'd in part on other grounds*, 773 F.3d 1201 (Fed. Cir. 2014); *see also InterDigital Commc'ns, Inc. v. ZTE Corp.*, 2014 U.S. Dist. LEXIS 72389, at *9-10 (D. Del. May 28, 2014) (rejecting an argument indistinguishable from Ericsson's because "[a]ll the Court's determination of a FRAND rate would accomplish would be to give a data point from which the parties could continue negotiations").  Further, Judge Davis analyzed whether Ericsson had complied with its RAND obligations only in considering the defendants' breach of RAND claim.  It was not, as Ericsson seeks here, a freestanding assessment of

---

[1] References to "Selwyn Decl." are to the March 20, 2015 declaration submitted with Apple's Motion.  References to "Selwyn Reply Decl." are to the declaration submitted herewith.

Ericsson's conduct to potentially guide future negotiations. *See* 2013 WL 4046225, at *23-24. Accordingly, Ericsson cannot obtain the "same relief" here (Opp. at 15)—the only relief in that case was the denial of the defendants' breach of RAND claim.

Ericsson cites cases holding, uncontroversially and as in *D-Link*, that third-party beneficiaries of a contractual FRAND commitment may seek to enforce a contractual FRAND commitment ***against the patent holder who made that commitment***. *See Microsoft Corp. v. Motorola, Inc.*, 854 F. Supp. 2d 993, 998-1002 (W.D. Wash. 2012) (considering summary judgment on Microsoft's breach of RAND contract claim); *Microsoft Corp. v. Motorola, Inc.*, 864 F. Supp. 2d 1023, 1036-39 (W.D. Wash. 2012) (same); *Apple Inc. v. Motorola Mobility, Inc.*, 886 F. Supp. 2d 1061, 1081-87 (W.D. Wis. 2012) (considering summary judgment on Apple's breach of FRAND contract claim); *Ericsson Inc. v. Samsung Elecs. Co.*, No. 2:06-CV-63, 2007 U.S. Dist. LEXIS 29257, at *7 (E.D. Tex. April 20, 2007) (sequencing parties' FRAND breach of contract claims ahead of infringement claims). None of those cases involved a bare request by the ***patent holder*** for a judicial blessing of a royalty rate offer made in negotiations, without any adjudication of any legal obligation by the other party to pay any royalty at all. It is Ericsson's claim that is the "outlier" here (Opp. 16); Ericsson identifies no case in which a court has ever decided a claim solely for the purpose of ***potentially*** moving a FRAND negotiation forward.

### 2. Ericsson Points To No Redressable Injury Or Basis For Standing.

Ericsson's brief is notably silent on any specifics of the injury that would purportedly be redressed by its declaratory judgment claim and the basis for its standing. Ericsson instead merely tries—unsuccessfully—to distinguish the cases Apple cited for the proposition that a declaratory judgment should not be issued only to serve as a bargaining tool. (Opp. at 17-19.) Ericsson's inability to raise any ***affirmative*** showing of injury or standing underscores that any rights it is seeking to vindicate are patent rights that must be addressed through adjudication of

the patent merits. Indeed, Ericsson filed seven infringement suits against Apple in this Court on February 26—after bringing this case—one of which asserts eight declared-essential patents (also asserted in its ITC action) and six of which assert 33 patents that have not been declared essential. (*See Ericsson Inc. v. Apple Inc.*, Nos. 15-cv-287 to 15-cv-293 & Selwyn Reply Decl. Ex. 1 (ITC public complaint).) Ericsson's litigation barrage shows that the parties' differences must be resolved on the patent merits, not through an abstract, unenforceable FRAND ruling.

Nor is this declaratory judgment claim necessary to clarify "Ericsson's right to seek injunctive relief or exclusion orders against Apple." (Opp. at 14.) Ericsson has already sought an injunction and an exclusionary order in its litigations asserting declared-essential patents. In neither of those cases did Ericsson suggest that the relief it sought hinged on the outcome of *this* case. (*Ericsson Inc. v. Apple Inc.*, No. 15-cv-287, Dkt. 1 at 32 & Selwyn Reply Decl. Ex. 1 at 45.) That was for good reason: the proper way to adjudicate FRAND obligations is in the *remedy* phase of a case that has determined patent infringement. This case does not qualify.[2]

### B. Ericsson Fails To Show That Its Reliance On Confidential Communications Under The NDA Is Proper

Ericsson's claim should independently be dismissed because it has failed to show that it could properly rely on the ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ (Selwyn Decl. Ex. 12 (NDA) ¶ 2)—in its complaint to establish jurisdiction.[3]

---

[2] Ericsson offers no response to its own argument in the *TCL* case that because "FRAND is a range of values—not a single point" (Selwyn Decl. Ex. 11 at 10), the Court's approval or disapproval of one particular proposal will not resolve what range of FRAND royalties would be appropriate for agreement, including whether Apple's counteroffer was FRAND.

[3] The parties' NDA has also been addressed in Ericsson's motion to dismiss Apple's California action. In the California action, Apple's original complaint, filed January 12, 2015, scrupulously avoided referring to the discussions covered by the NDA. On January 14, 2015, Ericsson filed its complaint in this action, which breached the NDA by disclosing the parties' confidential

Ericsson does not dispute that the cases Apple cited in its opening brief (at pp. 15-16) hold that an NDA can defeat declaratory judgment jurisdiction if it forbids use of information exchanged during negotiations. (Opp. at 21-22.) And Ericsson concedes that in *Osteotech, Inc. v. Regeneration Technologies, Inc.*, No. 3:06-CV-04249, 2008 WL 4449564 (D.N.J. Sept. 25, 2008), a "confidentiality requirement later precluded the plaintiff from using those communications to establish pre-suit notice." (Opp. at 22.) The same goes here for Ericsson's attempt to establish jurisdiction.

Ericsson contends that "Apple offers no proof" that any confidential statement cited in Apple's motion "was ever marked as confidential, orally designated as confidential, or obviously confidential as required by the NDA." (Opp. at 19-20.) ████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████ (*E.g.*, Am. Compl. (Dkt. 4) ¶ 32 (Through the parties' negotiations, Ericsson offered to globally license Apple under its portfolio of 2G, 3G, and 4G

---

communications and trying to base declaratory judgment jurisdiction on them. On January 15, 2015, Apple amended its complaint in the California action to allege that "[t]he discussions that Ericsson has made public by its breach of the NDA reinforce the same case or controversy that Apple pleaded in its original complaint. In those discussions, Ericsson accused Apple of infringing each of the patents that Apple identified in its original complaint . . ." (*Apple Inc. v. Ericsson Inc.*, (N.D. Cal.) No. 3:15-cv-00154-JD, Dkt. No. 11-3 at ¶19.) That is, Apple only amended its complaint in the California action to include this limited reference to the parties' negotiations *after* Ericsson filed its complaint here, publicly disclosing that information. By contrast, in this action, Ericsson relies solely on confidential discussions covered by the NDA as a basis for declaratory judgment jurisdiction. Now that Ericsson has breached the NDA—and moreover, continued to inaccurately characterize Apple as an "unwilling licensee," *e.g.*, in arguments to the ITC—Apple reserves the right to refer to the parties' correspondence to rebut Ericsson's misrepresentations.

Essential Patents on FRAND terms, but Apple refused Ericsson's offer.").)

Ericsson attaches correspondence it suggests the Court could consider, in addition to the Amended Complaint, to exercise subject matter jurisdiction because it "is not marked as 'confidential.'" (Opp. at 20.) But these too consist of ███████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
██████████████ ██████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████

### C. The Court Should Decline To Exercise Jurisdiction Over Ericsson's Declaratory Judgment Claim.

Finally, even if there were declaratory judgment jurisdiction here, the Court should decline to exercise it. Ericsson's inability to point to any actual injury and any ultimate effect on the parties' legal obligations makes clear that the issues between Apple and Ericsson are best resolved through other pending infringement cases. Apple's California action seeking declarations of non-infringement of seven declared-essential Ericsson patents provides an opportunity for that to happen, as does the infringement case that Ericsson has brought in this Court against Apple on eight declared-essential patents.

Further, Ericsson's proposed approach presents a significant risk of overlapping and

inconsistent adjudication of patent issues. If Apple were to contest the patent merits here—despite the fact that no patents have been asserted—it would likely lead to consideration of many of the same patents that Ericsson has asserted against Apple and that Apple has challenged in California (where Apple sought declarations of non-infringement of patents Ericsson has previously asserted against others). That will create a risk of overlapping adjudications.

Ericsson is also improperly proposing to reverse the traditional burdens of the patent laws by putting the onus on Apple to identify which Ericsson patents to challenge. That procedure would improperly assume that Ericsson deserves to be paid FRAND royalties for any patent that Apple does not affirmatively challenge, merely because Ericsson has *declared* it essential. But Ericsson has no right to have Apple or the Court *assume* that its patents are essential or infringed by Apple unless Apple asserts and proves the contrary, simply because it has amassed a large number of declared-essential patents **through declarations that Ericsson itself made**. As noted above, Ericsson itself has admitted that not all of those patents are truly essential. In a recent case in this Court, Ericsson asserted nine patents that it contended were essential to the 802.11n standard, yet it dropped four, the fifth and sixth were found not infringed at trial, a seventh was held not infringed on appeal, and the remaining two were recently invalidated by the Patent Office. *See, e.g.*, *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1213, 1224 (Fed. Cir. 2014); *see also* Selwyn Reply Decl. Exs. 2A-2B (Patent Office decisions). That Ericsson's self-declarations of essentiality need to be tested in court—with the attendant processes of litigation—is no basis for Ericsson to claim undue burden: "Attempts to enforce any patent involve the risk that the alleged infringer will choose to contest some issue in court, forcing a patent holder to engage in expensive litigation," and the fact "*that alleged infringers may force RAND-obligated patent holders into court to enforce their patents . . . does not present*

*significant concerns unique to the RAND context*."  *In re Innovatio IP Ventures, LLC Patent Litig.*, No. 11 C 9308, 2013 WL 5593609, at *11-12 (N.D. Ill. Oct. 3, 2013) (emphasis added). Simply put, before any patent holder can request a patent remedy, it must prove its case on the patent merits.  As the *D-Link* case showed, it is far from a foregone conclusion that Ericsson would succeed in proving that it deserves any royalty at all.[4]

### III. ERICSSON'S PROMISSORY ESTOPPEL CLAIM SHOULD BE DISMISSED.

Ericsson's arguments do not save its deficient promissory estoppel claim.

*First*, Ericsson does not deny that if the Court lacks jurisdiction over its declaratory judgment claim, dismissal of its promissory estoppel claim follows.  (Opp. at 25.)

*Second*, Ericsson has not alleged a sufficiently specific promise.  Notably, Ericsson does not directly address Apple's objection that it has at most alleged an "agreement to agree." (Opp. at 26-27.)  Ericsson's cited cases involve promises that went beyond agreeing to agree, because their meaning and scope were defined.  *See Probado Techs. Corp. v. Smartnet, Inc.*, No. C-09-349, 2010 U.S. Dist. LEXIS 53690, at *24 (S.D. Tex. June 2, 2010) ("Smartnet promised Probado that if Probado agreed to work exclusively with Smartnet in pursuit of this government work, provide assistance in the preparation of the required proposals and allow Smartnet to use Probado's credentials in support of the proposal, Smartnet would subcontract technical and support work to Probado if a government contract was awarded.") (quoting complaint); *Erdman Co. v. USMD of Arlington GP, LLC*, No. 3:09-CV-1081-D, 2011 U.S. Dist. LEXIS 38989, at *49-50 (N.D. Tex. Apr. 11, 2011) (employee "specifically told Erdman representatives that if

---

[4] The impracticality of Ericsson's proposal is underscored by the fact that it cannot even identify at this stage which or even how many patents this case will involve. (Opp. at 24 ("hundreds or thousands").)  The declaratory judgment that Ericsson requests has no clear boundaries and will inevitably lead to wasted judicial resources.  For example, Ericsson's request to adjudicate a FRAND rate for a license to its entire declared-essential portfolio could require the Court to address any or all of Ericsson's foreign patents.

USMD *did* sell MOB I to someone else and confer on the purchaser the right to develop MOB II, USMD would make Erdman whole for its costs incurred" (emphasis supplied)).

Perhaps recognizing the deficiencies of its pleading, Ericsson seeks to introduce correspondence outside the Amended Complaint. (Opp. at 27-28, n.5, & McLeroy Decl. Exs. F-G.) But "[i]n determining whether to grant a motion to dismiss, the district court must not go outside the pleadings[.]" *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). And even if the correspondence were cognizable here, it changes nothing. For example, the following statement falls far short of constituting a promise to license: ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ (Opp. at 27 quoting McLeroy Decl. Ex. F (emphasis added).) *See Allied Vista, Inc. v. Holt*, 987 S.W.2d 138, 141-42 (Tex. App. 1999, pet. denied) (promise to supply "all the necessary equipment" was too vague to support a promissory estoppel claim).

*Third*, Ericsson is incorrect that reasonable reliance cannot be addressed as a matter of law. *See Valls v. Johanson & Fairless, L.L.P.*, 314 S.W.3d 624, 635 (Tex. App. 2010 no pet.) ("this Court has repeatedly decided issues of justifiable reliance as a matter of law. . . . Therefore, we disagree with the suggestion that a fact-finder must always decide whether a party's reliance on a misrepresentation was justified."). In particular, reliance can be unreasonable as a matter of law where—as here—the parties are in an adversarial commercial relationship. *See Ortiz v. Collins*, 203 S.W.3d 414, 424 (Tex. App. 2006 no pet.) ("Ortiz's promissory estoppel claim fails as a matter of law because, given their adversarial relationship, his reliance on any statements from appellees was unjustified.").

## IV.   CONCLUSION

For the foregoing reasons, Apple's motion to dismiss should be granted.

Dated: April 20, 2015

Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa R. Smith
GILLAM & SMITH, LLP
303 S. Washington Avenue
Marshall, TX  75670
(903) 934-8450
melissa@gillamsmithlaw.com

William F. Lee
(Massachusetts Bar No. 291960)
Joseph J. Mueller
(Massachusetts Bar No. 647567)
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
william.lee@wilmerhale.com
joseph.mueller@wilmerhale.com

Mark D. Selwyn
(California Bar No. 244180)
WILMER CUTLER PICKERING HALE
AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
 (650) 858-6000
mark.selwyn@wilmerhale.com

*Attorneys for Defendant Apple Inc.*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON'S FIRST AMENDED COMPLAINT is authorized to be filed under seal pursuant to the Unopposed Motion to File Under Seal entered in this case.

*/s/ Melissa R. Smith*
Melissa R. Smith

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being notified of the filing of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 20th day of April, 2015.  I also hereby certify that all counsel of record are being served electronically with a copy of this sealed filing, per Local Rule CV-5(a)(7)(C), on this 20th day of April, 2015.

*/s/ Melissa R. Smith*
Melissa R. Smith