# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ERICSSON INC. and<br>TELEFONAKTIEBOLAGET LM ERICSSON,<br>Plaintiffs,<br><br>      v.<br><br>APPLE INC.,<br><br>Defendant. | CIVIL ACTION NO. 2:15-cv-17<br><br>JURY TRIAL DEMANDED |

## ERICSSON'S SUR-REPLY IN OPPOSITION TO APPLE'S MOTION TO DISMISS

Ericsson respectfully submits this Sur-Reply in Opposition to Apple's Motion to Dismiss.

## I. INTRODUCTION

Ericsson's lawsuit presents a justiciable controversy because *Apple accuses Ericsson of breaching a contract*. Tellingly, Apple never denies the parties' very real dispute over Ericsson's compliance with its FRAND contract. Instead, Apple calls this matter an infringement lawsuit with the patents fatally missing and claims that this alleged defect warrants dismissal. But, in making this claim, Apple ignores the contractual nature of Ericsson's declaratory judgment claim. The concrete dispute between the parties in regard to their respective rights under Ericsson's binding FRAND contract with ETSI, and Ericsson's redressable injury arising from this dispute, requires that Apple's Motion be denied.

As explained in Ericsson's Opposition to Apple's Motion, Ericsson's binding contract with ETSI obligates it to offer licenses under its standard essential patents (SEPs) on FRAND terms to companies who implement the ETSI standards in their products. Dkt. 30 at 6. During the parties' pre-suit negotiations and more recently in its representations to this Court, Apple has accused Ericsson of breaching this contract vis-à-vis Apple. Indeed, in a pleading filed in this Court just last week, Apple expressly contends that Ericsson has "*fail[ed] to comply with its obligation* to offer to license the Ericsson Patents-In-Suit on fair, reasonable, and non-discriminatory terms." *Ericsson Inc. v. Apple Inc.*, Case No. 2:15-cv-287-JRG-RSP, ECF 20 at 19 (E.D. Tex. April 22, 2015) (emphasis added).

Just last month, Apple's General Counsel, Bruce Sewell, candidly acknowledged that the parties' dispute is, at bottom, a "███████████████." Dkt. 30-13. Yet, in its attempt to win dismissal, Apple attempts to portray this singular "███████████████" as several thousand discrete disputes over essentiality, validity, and infringement in regard to each of Ericsson's SEPs. This attempt fails because Ericsson's declaratory judgment claim pertains to the *aggregate*

1

*value* of Ericsson's worldwide SEP portfolio, Dkt. 4, ¶¶ 37-41, and a determination of patent essentiality, infringement, and validity "is not necessary to the interpretation of the parties' contractual obligations for declared-essential patents." *Nokia Corp. v. Qualcomm, Inc.*, No. 06-509-JJF, 2006 U.S. Dist. LEXIS 61383, at *5 (D. Del. 2006) (citing *United Techs. Corp. v. Chrome Alloy Gas Turbine Corp.*, 105 F. Supp. 2d 346, 358 (D. Del. 2000) (finding the determination of breach of a licensing agreement did not require interpretation of patents underlying the license)).

Apple also argues that the declaration sought by Ericsson will "shed no light on whether Ericsson actually has any essential or infringed patents and, if so, what an appropriate FRAND royalty would be for those patents" because it does not "put the patent merits at issue." Dkt. 33 at 1. Apple's argument is a red herring. The question of whether a patent owner has made a FRAND offer, like the question of what constitutes a FRAND royalty, can be decided without adjudicating infringement, validity, and essentiality of individual patents. *See Microsoft v. Motorola*, Case No. C10-1823, 2013 U.S. Dist. LEXIS 60233, *155, 303 (W.D. Wash. April 25, 2013) (determining a RAND range without focusing on the question of whether the declared essential patents at issue were actually essential to the standard). This is demonstrated by the relevant real-world facts. Apple, just like Ericsson, is accustomed to licensing SEPs without first seeking a third-party adjudication that each patent subject to the license is essential, valid, or infringed. This is evidenced by the fact that Apple previously took a portfolio-wide license to Ericsson's ▮▮▮▮▮▮▮ *without any litigation at all*, at a rate that the parties negotiated ▮ ▮▮▮▮▮▮▮. Apple also negotiated with Ericsson for more than two years towards an expanded renewal license—and, although the parties discussed individual claim charted patents during their negotiations, every one of ▮▮▮▮▮▮▮

████████████████████████. This is entirely consistent with the telecommunication industry's well-established practice of portfolio-based licensing and Ericsson's own experience. Ericsson has negotiated more than 180 licenses to its 2G, 3G, and/or 4G SEP portfolios and has never once engaged in the sort of patent-by-patent analysis contemplated by Apple in order to arrive at agreed upon FRAND terms. *See generally* Dkt. 30 at 3-9.

This action goes to the heart of the parties' contractual dispute, as evidenced by the facts pled in Ericsson's complaint and the correspondence submitted with Ericsson's Opposition. This Court is free to decide Ericsson's declaratory judgment claim, and should decide Ericsson's claim, because it is the proper vehicle to resolve the parties' dispute over their respective legal rights pursuant to Ericsson's FRAND contract with ETSI.

## II. THE COURT SHOULD NOT DISMISS ERICSSON'S DECLARATORY JUDGEMENT CLAIM

### A. This Court Should Exercise Jurisdiction Over The Actual Case And Controversy That Exists Between The Parties.

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides a form of relief in clarifying the parties' legal interests. *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 123-27 (2007) (holding that jurisdiction existed over the plaintiff's request for a judicial declaration interpreting its contractual obligations). As explained in *Medimmune*, the requirements for a district court to have jurisdiction over a declaratory judgment action are only that:

> …[T]he dispute be definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Id.* at 127 (internal citations and quotations omitted). This Court's discretion to decide Ericsson's declaratory judgment claim "should be liberally exercised." *U.S. v. Penn. Dep't of Envtl. Res.*,

3

923 F.2d 1071, 1074 (3rd Cir. 1990); *see also Pub. Affairs Associates, Inc., v. Rickover*, 369 U.S. 111, 114 (1962).

As set forth in Ericsson's Opposition to Apple's Motion (Dkt. 30) and Ericsson's Motion for Expedited Trial (Dkt. 38), the ongoing licensing dispute between Ericsson and Apple is anything but "hypothetical." The parties engaged in negotiations over an expanded renewal license for more than two years, and are now litigating eleven actions in three separate forums. Dkt. 38 at 1-2. Apple contends that Ericsson is in breach of the contract that Ericsson made with ETSI; Ericsson contends that it fully satisfied its contractual obligations when it made a FRAND offer to Apple. This "substantial controversy" is of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127; *see also Hyatt Int'l. Corp. v. Coco*, 302 F.3d 707, 711 (7th Cir. 2002) (explaining that declaratory judgment actions serve an important role because they settle actual controversies and establish the legal rights and obligations that will govern the parties' relationship in the future).

The "specific relief" that Ericsson seeks here is a declaratory judgment that resolves a specific question: Did Ericsson satisfy its FRAND contract in relation to Apple? This question is the declaratory judgment mirror-image of justiciable breach of contract claims adjudicated by other courts, including in cases where Apple itself has alleged that its adversary breached its contractual obligation to offer Apple a license on terms that are FRAND. *See, e.g. Core Wireless Licensing S.A.R.L. v. Apple Inc.*, Case No. 6:14-cv-752, ECF 108 at ¶¶3-4 (E.D. Tex. June 21, 2013); *Apple Inc. v. Motorola Mobility, Inc.*, 886 F. Supp. 2d 1061, 1081-87 (W.D. Wis. 2012); *Apple Inc. v. Samsung Elecs. Co.*, Case No. 11-cv-1846-LHK, 2012 U.S. Dist. LEXIS 67102, at *25 (N.D. Cal. May 14, 2012); *see also Microsoft Corp. v. Motorola, Inc.*, No. C10-1823 JLR, 2011 U.S. Dist. LEXIS 73827, at *213 (W.D. Wash. May 31, 2011) (recognizing that a judicial

4

declaration of a SEP holder's failure to comply with its RAND contract is duplicative of a breach of contract claim against the SEP holder where both claims are based on alleged RAND violations). Apple's claim that the foregoing cases are inapplicable because they did not involve "a bare request by the patent holder for a judicial blessing of a royalty rate offer made in negotiations" (Dkt. 33 at 8) misses the point. As explained in Ericsson's Response, these cases stand at least for the proposition that claims arising from an alleged breach of FRAND obligations are controversies that, once adjudicated, settle disputes in a way that affects the rights of the parties involved. Dkt. 30 at 16.

Notably, Apple acknowledges that the foregoing cases stand for the proposition that "third-party beneficiaries of a contractual FRAND commitment may seek to enforce a contractual FRAND commitment against the patent holder who made that commitment." Dkt. 33 at 6. This is exactly the point—Apple claims that Ericsson breached its FRAND commitment in relation to Apple and, on that basis, could have sued Ericsson for breach of contract (and has now alleged such a breach in the parties' ongoing litigation). Instead, however, Ericsson sued Apple seeking a judicial declaration clarifying the parties' contractual rights. These circumstances give rise to a justiciable controversy that is ripe for resolution under the Declaratory Judgment Act, and Apple's characterization of this matter as a non-justiciable "infringement action without patents" should be rejected.

Apple also claims that Ericsson's requested declaration is non-justiciable because Ericsson has failed to "put the patent merits at issue" by alleging individual claims of patent infringement in this action. *Id*. at 1. Apple is mistaken—the Court's resolution of this *breach of contract* dispute does not require resolution of infringement, validity, or essentiality of Ericsson's individual SEPs. *See Continental Automotive GMBH v. iBiquity Digital Corp.*, 14 C

1799, 2015 U.S. Dist. LEXIS 23173, at *17 (N.D. Ill. Feb. 26, 2015) (stating, in the context of federal question jurisdiction, that: "the fact that patent issues are relevant under state contract law to the resolution of a contract dispute cannot possibly convert a suit for breach of contract into one 'arising under' the patent laws") (emphasis in original); *In re Innovatio IP Ventures, LLC Patent Litig.*, 921 F. Supp. 2d 903, 915 (N.D. Ill. 2013) ("[A] typical RAND term is a contractual covenant of the granting participant, pursuant to which that entity agrees that it will, at some point in the future, grant a license on reasonable and nondiscriminatory terms to any requesting implementer of [the] applicable standard"); *see also United Techs. Corp. v. Chromalloy Gas Turbine Corp.*, 105 F. Supp. 2d 346, 358 (D. Del. 2000) (stating, in the context of federal question jurisdiction, that "the court does not need to interpret United's patents to determine if United breached the licensing agreements. Rather, the Court must interpret the terms of the licensing agreements to determine if United breached the agreements"). In short, for this Court to accept Apple's arguments, it would need to accept the erroneous proposition that every "disagreement over value" in regard to a portfolio of patents rights must be resolved under the federal patent laws. This result would contradict to well-settled law.

    **B.    Ericsson Has Suffered Concrete Harm That This Court Will Remedy By Resolving Ericsson's Contractual Declaratory Judgment Claim.**

Ericsson's injury stemming from Apple's refusal to take a license under Ericsson's SEPs on FRAND terms is real and definite. To start, Ericsson has been forced to operate its business under a cloud of uncertainty with regard to its licensing relationship with Apple—a major player in the market for smartphones and tablets—and to act under Apple's grave accusation that it is in violation of its FRAND contract. *Cf. Peters v. JP Morgan Chase Bank, N.A.*, No. 13-50157, 2015 U.S. App. LEXIS 1022, at *10 (5th Cir. Jan. 23, 2015) (holding that a breach of contract claim "can 'presently be litigated and decided' based on the facts before the district court and

6

therefore states a claim for declaratory judgment") (citing *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967)); *see also Minn. Min. & Mfg. Co. v. Norton Co.*, 929 F.2d 670, 672-73 (Fed. Cir. 1991) ("Situations justifying exercise of the court's discretion to issue a declaratory judgment include . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."); *Cnty. Materials Corp. v. Allan Block Corp.*, 431 F. Supp. 2d 937, 945 (W.D. Wis. 2006) ("[A] declaratory judgment action is proper when a declaration of rights is a *bona fide* necessity for the natural defendant/declaratory judgment plaintiff to carry on with its business."). This uncertainty surrounding Ericsson's commitment to offer FRAND licenses is injurious to Ericsson's reputation as a leader in standardization and to its FRAND licensing program, just as uncertainty is injurious to other businesses accused of breaching their contractual obligations, and will be remedied by this Court's declaration clarifying and settling the question of Ericsson's compliance with its FRAND contract.

      **C.**    **Ericsson's Requested Declaration Will Serve The Useful Purpose Of Resolving The Over-Arching Contractual Controversy Between The Parties.**

Apple argues that Ericsson lacks a redressable injury because this Court cannot compel Apple to pay a royalty to Ericsson unless Apple is adjudged to infringe a valid Ericsson patent. In support of this argument, Apple draws attention to a recent Order issued by the United States District Court for the Northern District of California (NDCA) in Apple's case against Ericsson, where the California Court observed that it has no legal basis to compel Apple to take a license for Ericsson's patents on a portfolio-wide basis. Dkt. 40 at 1-2. But the fact that Ericsson is not asking this Court to compel Apple to take a license or to award damages for patent infringement does not require dismissal of Ericsson's declaratory judgment claim. Rather, Ericsson requests a judicial declaration that settles the parties' long-standing breach of contract dispute over

Ericsson's conduct in their licensing negotiations. This declaration will serve the useful purpose of answering the question that *Apple does not dispute* is an issue that underlies the parties' long-running disagreement over terms of an expanded renewal license agreement.

Specifically, as explained in Ericsson's Response, a judicial declaration that Ericsson fulfilled its FRAND contract as to Apple would, for example, extinguish Apple's right to allege a claim for breach of contract against Ericsson. It would also preclude Apple from asserting an affirmative defense to Ericsson's remedies for infringement of Ericsson's essential patents on the same basis. Conversely, a declaration that Ericsson did not make a FRAND offer to Apple will affect the behavior of the parties, as Ericsson will be bound to revise its offer to Apple in line with a ruling from this Court. And, should Apple refuse to accept Ericsson's license offer on terms declared by this Court to be FRAND, Ericsson's right to seek injunctive relief or exclusion orders against Apple will be unencumbered by a FRAND obligation.[1] *Apple Inc. v. Motorola Inc.*, 757 F.3d 1286, 1332 (Fed. Cir. 2014) ("[A]n injunction may be justified where an infringer unilaterally refuses a FRAND royalty or unreasonably delays negotiations to the same effect.").

### D. The Court Should Not Decline to Exercise Jurisdiction In Favor Of Apple's California Action.

Apple drops its "first to file" argument in its Response and instead focuses on alleged "overlapping issues" between this matter and its California action as a basis for dismissal. The contractual issue presented in this action, however—Ericsson's compliance or non-compliance

---

[1] Apple's observation that Ericsson has not requested a declaration of a "range of FRAND royalties," Dkt. 33 at 6, fn. 2, is of no consequence. The fact that Ericsson has not asked the Court to declare a rate does not detract from the useful purpose of an up-or-down declaration by this Court as to whether Ericsson's offer to Apple was FRAND. Dkt. 30 at 13-14. *Cf. Ericsson, Inc., et al. v. D-Link Sys., Inc. et al.*, Case No. 6:10-cv-473, 2013 U.S. Dist. LEXIS 110585, *88 (E.D. Tex. 2013) (determining that Ericsson's portfolio-wide licensing offer did not violate its contractual obligations to offer defendants a license on RAND terms without determining a RAND range for the portfolio), *reversed in part on other grounds*, 773 F.3d 1201 (Fed. Cir. 2014).

with its FRAND contract as to its ███████████████ —differs from the far more narrow patent law question of whether Apple infringes seven individual Ericsson patents being litigated in the NDCA. And, even if overlap did exist, it would favor adjudicating this broader action with the potential to resolve the parties' portfolio-wide controversy over value. Tellingly, Apple does not dispute in its Response that it is free to make all of its non-essential, non-infringement, and invalidity arguments, challenges to Ericsson's licensing declarations, and FRAND arguments in this action. Moreover, this lawsuit is far more useful than Apple's California case because it will resolve the question underlying the parties' central controversy—where the fault lies in the parties' failure to reach a renewal license agreement.

### III.     ERICSSON DID NOT IMPROPERLY USE FACTS RELATED TO THE PARTIES' NEGOTIATIONS IN ITS AMENDED COMPLAINT.

As explained in Ericsson's Opposition, Ericsson did not disclose information designated as confidential pursuant to the parties' non-disclosure agreement in its Amended Complaint or in its briefing to this Court. However, even *assuming arguendo* that there was a disclosure, it was an allowable use under the Non-Disclosure Agreement between the parties. *See* Dkt. 30 at 19-23. Moreover, to reach its decision to deny Ericsson's motion to dismiss Apple's action filed in the NDCA, the California Court relied upon *allegations about the very same negotiations between the parties* that Apple alleges are confidential here. *See* Dkt. 33 at 3-4, fn. 3 (acknowledging that Apple has used the alleged confidential information in its pleadings in California). Apple should not be permitted to use the circumstances of the parties' negotiations as a "sword" in California while simultaneously arguing as a "shield" in this case that Ericsson is not permitted to use the very same information to evidence why this Court should exercise jurisdiction over its declaratory judgment claim.

## IV. ERICSSON'S PROMISSORY ESTOPPEL CLAIM SHOULD NOT BE DISMISSED.

Apple's Rule 12(b)(6) challenge to Ericsson's promissory estoppel claim fails because Ericsson has sufficiently alleged that: (1) Apple's representations to Ericsson throughout the course of the parties' negotiations were specific and definite as to Apple's intent to ███████ ███████████████████ ; (2) Ericsson reasonably relied on those specific and definite statements, and (3) Ericsson suffered reliance damages as a result of that reliance. *See In re Weekley Homes, L.P.,* 180 S.W.3d 127, 133 (Tex. 2005). Accepting all of Ericsson's factual assertions as true, and drawing all reasonable inferences in favor of Ericsson, Ericsson is plausibly entitled to relief under its promissory estoppel claim. However, should the Court disagree and find Ericsson's allegations insufficient to state a cognizable claim, Ericsson requests leave to amend its Amended Complaint to cure any deficiency identified by the Court.

## V. CONCLUSION

For the reasons set forth in Ericsson's Response to Apple's Motion and this Sur-Reply, the Court should deny Apple's Motion to Dismiss.

Dated: May 1, 2015

Respectfully submitted,

**MCKOOL SMITH, P.C.**

By: */s/ Douglas A. Cawley*
Douglas A. Cawley, Lead Attorney
Texas State Bar No. 0403550
dcawley@mckoolsmith.com
Mike McKool, Jr.
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
Theodore Stevenson, III
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Laurie L. Fitzgerald
Texas State Bar No. 24032339
lfitzgerald@mckoolsmith.com
McKool Smith P.C.
300 W. Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

**ATTORNEYS FOR PLAINTIFFS
ERICSSON INC. and
TELEFONAKTIEBOLAGET LM
ERICSSON**

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the court's CM/ECF system per Local Rule CV-5(a)(3), on May 1, 2015.

*/s/ Richard A. Kamprath*
Richard A. Kamprath